RULING ON PLAINTIFF’S REQUEST FOR ADVISORY OPINION and RULING ON PLAINTIFF’S MOTION FOR PERMISSION TO FILE APPEAL AS TO PARTIAL JUDGMENT
WILSON, Judge.
I.

Advisory Opinion

The Plaintiff has requested this court’s advisory opinion as to the applicability of Connecticut Practice Books Secs. 11-11 and 61-5, pursuant to GDC Rules of Civil Procedure Sec. 1 and GDC A Rules of Appellate Procedure Rule 1(b). The Defendant has not objected to this request.
Sec. 11-11 outlines the procedures in civil matters in which a motion may be filed to delay the commencement of an appeal period. Sec. 61-5 outlines the appellate procedures to defer an appeal until judgment is rendered that disposes of a case for all purposes and as to all parties. There are no comparable provisions in this Court’s Rules of Civil Procedure or in the Court of Appeals’ Rules of Appellate Procedure.
Sec. 1 of the Gaming Disputes Court Rules of Civil Procedure provides:
“These rules govern the practice and procedure in the Gaming Disputes Trial Court in all actions except where specific procedures are otherwise provided by tribal law. Any procedure, issue or matter not covered by these rules or by tribal law shall be governed by the Connecticut Superior Court Civil Rules and the Connecticut General Statutes, as they may be amended from time to time.”
Sec. 1(b) of the Gaming Disputes Court Rules of Appellate Procedure provides: “(b) Any procedure, issue, question or other matter not covered by these Rules shall be governed by the Connecticut Rules of Appellate Procedure as published in the Connecticut Practice Book (2003), as amended from time to time.”
Because the “procedure, issue, question or other matter” raised by the Plaintiff in this request is “not covered by the Rules,” the court 1‘enders the advisory opinion that Connecticut Practice Book Secs. 11-11 and 61-5 are applicable to this proceeding.
II

RULING ON PLAINTIFFS MOTION FOR PERMISSION TO FILE APPEAL AS TO PARTIAL JUDG- ■ ME NT

By Motion filed August 16, 2007, the Plaintiff requested “Permission to Appeal *444 a Portion of the Decision of the Gaming Disputes Trial Court” (Wilson, J.) entered in the action on August 9, 2007, specifically that portion of the order granting summary judgment as to the allegations alleging a defect in the Defendant’s escalator, and entitled “A. The Condition of the Escalator.”
The Plaintiff moved for permission to appeal “pursuant to the Connecticut Rules of Appellate Procedure Rule 64.” The Defendant has objected to this motion and has correctly noted that the correct rule is § 61-4, and the Plaintiffs motion will be so considered.
Section 61-4 reads in relevant part as follows:
“ § 61-4. Appeal of Judgment That Disposes of At Least One Cause of Action While Not Disposing of Either (1) An Entire Complaint, Counterclaim or Cross Complaint, or (2) Ail The Causes of Action in a Pleading Brought by or against a Party
17. Judgment not final unless trial court makes written determination and chief justice or chief judge concurs
This section applies to a trial court judgment that disposes of at least one cause of action where the judgment does not dispose of either of the following: (1) an entire complaint, counterclaim, or cross complaint, or (2) all the causes of action in a complaint, counterclaim or cross complaint brought by or against a party. If the order sought to be appealed does not meet these exact criteria, the trial court is without authority to make the determination necessary to the order’s being immediately appealed.
This section does not apply to a judgment that disposes of an entire' complaint, counterclaim, or cross complaint (see Section 61—2); and it does not apply to a trial court judgment that partially disposes of a complaint, counterclaim, or cross complaint, if the order disposes of all the causes of action that pleading brought by or against one or more parties (see Section 61-3).
When the trial court renders a judgment to which this section applies, such judgment shall not ordinarily constitute an appealable final judgment. Such a judgment shall be considered an appealable final judgment only if the trial court makes a written determination that the issues resolved by the judgment are of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified, and the chief justice or chief judge of the court having appellate jurisdiction concurs.
If the procedure outlined in this section is followed, such judgment shall be an appealable final judgment, regardless of whether judgment was rendered on the granting of a motion to strike pursuant to Section 10-44, by dismissal pursuant to Section 10-30, by summary judgment pursuant to Section 17-44, or otherwise.
A party entitled to appeal under this section may appeal regardless of which party moved for the judgment to be made final.”

A.

Strictly speaking, this case “does not meet these exact criteria ...” The Plaintiffs complaint was in one count sounding in negligence against the Defendant MTGA, with 10(ten) specifications of negligence contained in paragraph 5. The court broke down these allegations into two categories, 5 a-e relating to the condition of the escalator and 5 f-j, relating to the training, supervision, and proper provision of the Defendant’s security staff and personnel. The court found that these *445 were at least some issues of material fact as to the allegations of paragraphs 5 f-j, and therefore the Defendant’s Motion for Summary Judgment as to the entire complaint was denied. Although the court found that the Plaintiff was collaterally estopped from re-litigating the issues raised in paragraphs 5 a-e, the court did not enter judgment in favor of the Defendant to those sub-paragraphs.

B.

More specifically, even if such a judgment had been entered, this case does not qualify for immediate appeal within the intendment of § 61-4. That intendment was well set forth in a decision of the Connecticut Superior Court, ShareAmerica, Inc. v. Ernst & Young, LLP, 25 Conn. L. Rptr. 160, 1999 WL 566930 (Conn.Super.1999), (Not Reported in A.2d.) (1999) (Sheldon, J.) which noted the following:
“... [T]he purpose of Section 61-4 is to create a narrow exception to our final judgment rule for those rare and special cases where interlocutory review of a trial court’s pretrial ruling will resolve or greatly streamline the resolution of the entire case.”
“... [Tjhere is no logical reason for granting interlocutory appeal rights on that basis unless the determination of that issue is probably dispositive on the plaintiffs entire case.”
“... [T]he right to bring an immediate interlocutory appeal from a trial court’s ruling must be based on a threshold judicial determination that the issues resolved by that ruling ‘are of such significance to the outcome of the case that the delay incident to the appeal would be justified!.]’ (Emphasis added.) Where, as here, the ‘outcome of the case’ will not be affected by the appellate court’s decision, because regardless of that decision the plaintiffs’ remaining claims must still be tried, there is no legal basis for granting the right to immediate appellate review.”
By the denial of the Defendant’s Motion for Summary Judgment, there will be a trial of the Plaintiffs claims as set forth in paragraphs 5 f-j. These claims are discrete from those in paragraphs 5 a-e. An interlocutory appeal of the court’s ruling as to paragraphs 5 a-e will not “resolve or greatly streamline the resolution of the entire case.” A determination of the issues relating to the condition of the escalator would not be “dispositive of the Plaintiffs entire case.” An affirmation of the ruling that the Plaintiff is collaterally es-topped from re-litigating the claims as to the condition of the escalator will still leave the claims as to the security staffing to be tried. A reversal of that ruling would only allow the Plaintiff to re-litigate the claims relating to the condition of the escalator together with the remaining claims. There is therefore, “no legal basis for granting the right to immediate appellate review.”
After a final judgment as to all issues has been entered, an aggrieved party may appeal the court’s ruling as to any of those issues. If that party is the Defendant, the Plaintiff may cross-appeal as to the issues relating to the condition of the escalator.
The Plaintiffs Motion is denied.